## Staunton.

### CITY OF ROANOKE V. SARTINI.

September 19, 1918.

Absent, Burks, J.

1. STREETS AND HIGHWAYS—*Liability of Municipality—Unopened Street.*—A city is not required to open or put all of its streets in a condition for public travel, and its customary liability to the public does not attach to a paper street which has neither been accepted, opened nor improved. However, a street need not have been improved in order to hold the municipality liable. It is immaterial that a street has never been graded, if the municipality has recognized it as a public street and permitted its use as such.

2. STREETS AND HIGHWAYS—*Liability of Municipality—Unopened Street—Case at Bar.*—In the case at bar, the city council had established a street grade and a plan and survey of the city engineer, showing the street was approved by the city council. However, an excavation had been made in the street and dirt removed and used in improving other streets. Subsequently, the street was graded, but this improvement stopped just short of the excavation, which made the rest of the street impassable for vehicles. For many years, however, the street had been habitually used by pedestrians and there was a well worn path showing such use.

   *Held:* That this was not a paper street. The city's acceptance of it as a highway for public use is clearly shown by its having graded on both sides of the excavation, by having exercised acts of ownership in the street, by the notice which must be imputed to it that the public was using it habitually as a footway, as well as by the erection of street signs indicating that it was one of the streets of the city; and all of this in addition to the formal recognition of the existence of the street by the resolutions of the city council.

3. STREETS AND HIGHWAYS—*Liability of Municipality—Segregation of Part of Street.*—A street is usually an entirety—an unobstructed way. A city cannot by mental reservation of its officials segregate a small intermediate section of a continuous

street and thus avoid its customary obligations as to such part so reserved. If it proposes to make such exception it must give the public notice thereof by some unequivocal act, such as the erection of an impassable barrier to travel, or by some other unmistakable evidence of such withdrawal from public use.

Error to a judgment of the Court of Law and Chancery of city of Roanoke, in an action of trespass on the case. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*S. Hamilton Graves,* for the plaintiff in error.

*A. R. Hunt* and *H. M. Fox,* for the defendant in error.

PRENTIS, J., delivered the opinion of the court.

The controlling question in this case is whether or not that block of Sixth street in the city of Roanoke, between Rutherford and Harrison avenues, has been so dedicated and accepted as to make the city of Roanoke responsible for negligence causing an injury to a pedestrian using the same with ordinary care at the time of the accident. There has been a verdict and judgment in favor of the plaintiff upon evidence clearly justifying a recovery if Sixth street has been thus accepted by the city of Roanoke.

The defense is that the portion of Sixth street in which the accident occurred is merely a street on paper which has never been opened to the public for travel. The principle of law thus contended for by the city is well established, and a city is not required to open or put all of its streets in a condition for public travel, and the customary liability does not attach as to a paper street which has been neither accepted, opened nor improved.

Section 2735, 6 McQuillin on Municipal Corporations, thus states the law: "For injuries on streets not yet opened for public use, the municipality is not liable. All the streets of a municipality need not be opened and put in condition for travel, and it is not liable for the condition of a street which exists merely on paper. However, the street need not have been improved in order to hold the municipality liable. For instance, it is immaterial that the street has never been graded, if the municipality has recognized it as a public street and permitted its use as such." These statements are supported by the authorities referred to.

The question is presented in this record in several ways, and constitutes the only defense of the city which it is necessary for us to consider. The record shows that a land company originally platted the tract of land upon which Sixth street is located, and that its plat shows this street; that the council of the city of Roanoke, by resolution approved August 17, 1908, established the street grade there, though it authorized no work to be done thereon at that time; and by resolution approved February 16, 1911, a plan and survey of the city engineer, showing this street, was approved by the city council. In its original condition vehicles with difficulty could have used the street through the entire block, but some fifteen or twenty years ago an excavation was made therein by contractors, working under directions of the city engineer, and the dirt removed therefrom was used in improving Kimball avenue, in Roanoke. A hole twelve feet deep was dug and rocks exposed by such excavation, and two or three years ago it was again used by the city as a borrow pit for the improvement of one of its streets. Some years ago Sixth street was graded by the city for the passage of vehicles from Rutherford avenue towards Harrison avenue for more than half of the block, and has been regularly used ever since. This improvement stops just at the hole or excavation referred to, which now

53

makes the rest of the street through that block impassable for vehicles. For many years, however, the street through that entire block has been habitually used by pedestrians, and there is a well worn path showing such use; and at the corner of Rutherford avenue and Sixth street the customary street signs placed by the city show the names of these streets. Some years ago the city, at the request of one of its citizens, permitted him to plant a shade tree in the street and designated its location by the side of the pit. Sixth street is open to the general public and is used on both sides of the block for the rest of its length.

These facts are sufficient to show that Sixth street has been accepted by the city of Roanoke, and, therefore, that it was its duty either to grade the street or to barricade the excavation so as to remove the danger, or otherwise to exercise proper care to prevent injuries to foot passengers properly using the highway. This was not a paper street, and the city's acceptance of it as a highway for public use is clearly shown by its having graded on both sides of the excavation, by having exercised acts of ownership in the street, by the notice which must be imputed to it that the public was using it habitually as a footway, as well as by the erection of street signs indicating that it was one of the streets of the city; and all of this in addition to the formal recognition of the existence of the street by the resolutions of the city council.

It is unnecessary to discuss the facts of the case which, in our view, clearly show the liability of the city.

A street is usually an entirety—an unobstructed way. A city cannot by mental reservation of its officials segregate a small intermediate section of a continuous street and thus avoid its customary obligations as to such part so reserved. If it proposes to make such exception it must give the public

notice thereof by some unequivocal act, such as the erection of an impassable barrier to travel, or by some other unmistakable evidence of such withdrawal from public use.

The legal question is, in substance, identical with that decided by this court in *City of Newport News* v. *Scott's Adm'x,* 103 Va. 794, 50 S. E. 266.

*Affirmed.*